UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICKEY J. GIBSON,<br><br>                Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE UNIVERSITY, and University Officials to be identified, acting in their official capacities,<br><br>                Defendants. | NO: 12-CV-5118-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant Washington State University's Motion to Dismiss (ECF No. 8). This matter was heard without oral argument[1] on

---

[1] In his memorandum opposing the motion, Plaintiff states that he "does not waive his right to oral argument in this matter." ECF No. 13 at 3 (emphasis in original). Given that Plaintiff did not re-note the motion for hearing with oral argument pursuant to Local Rule 7.1(h)(3)(b)(iii), the Court will honor Defendant's decision to note the motion for hearing without oral argument. See ECF No. 12. The Court

ORDER GRANTING MOTION TO DISMISS ~ 1

December 26, 2012.  The Court has reviewed the motion, the response, and the reply, and is fully informed.

## BACKGROUND

This is a discriminatory hiring practices case.  Plaintiff has alleged that Defendant Washington State University discriminated against him by refusing to hire him for an open position as a Scientific Assistant on account of his age and disability.  Defendant now moves to dismiss the Complaint for failure to state a claim on the grounds that it is immune from suit under the Eleventh Amendment and that Plaintiff failed to exhaust his administrative remedies.

## FACTS

Plaintiff, Mickey Gibson ("Plaintiff"), is proceeding *pro se* and *in forma pauperis*.  Plaintiff was born in April 1954.  ECF No. 4 at ¶ 3.  In 1996, Plaintiff suffered a stroke which resulted in permanent speech and physical mobility impairments.  ECF No. 4 at ¶ 3.  Apparently as a result of these conditions, Plaintiff was declared permanently disabled by the Social Security Administration in or about November 2001.  ECF No. 4 at ¶ 5.

---

further determines, pursuant to Local Rule 7.1(h)(3)(b)(iv), that oral argument on the motion is not necessary.

In the summer of 2011, Plaintiff applied for "several open positions" listed on Defendant's public website. ECF No. 4 at ¶ 5. Plaintiff was not offered any of the positions for which he applied. ECF No. 4 at ¶ 5. According to Plaintiff, these positions were awarded to applicants whom Defendant considered to be better qualified. ECF No. 4 at ¶ 5.

On May 31, 2012, Plaintiff applied for a position as a Scientific Assistant at Defendant's campus in Prosser, Washington. ECF No. 4 at ¶¶ 7-8. In conjunction with his online application, Plaintiff submitted a resume, cover letter, answers to specific job-related questions, and a list of references. ECF No. 4 at ¶ 8. In his cover letter addressed to Defendant's Human Resources Department, Plaintiff stated: "Please note that I am partly disabled from a stroke that happened 16 years ago, but that has not slowed me down very much. It has limited use of my right hand, and slowed my speech, but I have learned to compensate and use the creative portions of my mind." ECF No. 4 at 16. In the "Education" section of his resume, Plaintiff listed various degrees and certificates dating back to a master's degree which he obtained in 1967. ECF No. 4 at 18.

On June 10, 2012, Plaintiff wrote a letter to Defendant's Office for Equal Opportunity expressing his frustration at not having been offered an interview. ECF No. 4 at 9. In this letter, Plaintiff reiterated that he was partially disabled, but that he was fully qualified to perform the duties listed in the job description. ECF

ORDER GRANTING MOTION TO DISMISS ~ 3

No. 4 at 9. Plaintiff further advised Defendant that he intended to file a disability discrimination lawsuit in federal court if he was not "at least invited in for real consideration by June 20th." ECF No. 4 at 9.

On or about June 26, 2012, Defendant offered the position to a different applicant. ECF No. 4 at ¶ 10. A representative of Defendant's Office of Equal Opportunity subsequently responded to Plaintiff's letter on August 24, 2012. ECF No. 4 at 8. In this letter, Defendant informed Plaintiff that his application "had not been released to the hiring unit" as of June 10th, and that, as a result, "the unit did not know anything about [him] and was not in a position to engage in any form of discrimination against [him]." ECF No. 4 at 8. Defendant further informed Plaintiff of its finding that he had not been subject to discrimination and that it considered the matter closed. ECF No. 4 at 8.

Plaintiff filed the instant lawsuit on September 10, 2012. ECF No. 4. Plaintiff's Complaint lists a single cause of action for "Employment Discrimination in Denial of Employment Due Solely to Age or Disability." ECF No. 4. Defendant moved to dismiss the Complaint for failure to state a claim on November 2, 2012. ECF No. 8.

DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a [plaintiff's] claim." *Navarro v. Block*, 250 F.3d

ORDER GRANTING MOTION TO DISMISS ~ 4

729, 732 (9th Cir.2001). To survive a Rule 12(b)(6) motion, a plaintiff must allege facts which, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). To satisfy this standard, the allegations in a complaint must be sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Iqbal*, 556 U.S. at 678.

In addition, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). To determine whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. Although a court may (and generally should) draw reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans and Assocs.*, 694 F.3d 1045, 1051 (9th Cir.2012), it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

The Ninth Circuit has repeatedly instructed district courts to "grant leave to amend even if no request to amend the pleading was made, unless ... the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir.2000). The standard for granting leave to amend is generous—the court "should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir.2011).

**A. Eleventh Amendment Immunity**

Defendant has moved to dismiss Plaintiff's claims on the ground that Washington State University, as a state agency, is immune from suit under the Eleventh Amendment to the United States Constitution. ECF No. 9 at 7-9. The basic premise of this motion is that Congress did not act pursuant to a valid grant of constitutional authority in enacting Title I of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). ECF No. 9 at 8-9. Citing to the Supreme Court's decisions in *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356 (2001) and *Kimel v. Florida Board of Regents*, 528 U.S. 62 (2000), Defendant argues that "States are entitled to

ORDER GRANTING MOTION TO DISMISS ~ 6

Eleventh Amendment immunity for suits brought under both Title I of the ADA and ADEA." ECF No. 9 at 9.

Defendant has correctly identified the rules of law announced in *Garrett* and *Kimel*. In *Garrett*, the Court held that "Congress did not validly abrogate the States' [Eleventh Amendment] immunity from suit by private individuals for money damages under Title I [of the ADA]." 531 U.S. at 374 n. 9. Pursuant to this holding, state agencies[2] may not be sued by private citizens under Title I of the ADA. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1185 (9th Cir. 2003). Similarly, in *Kimel*, the Court held that Congress did not validly abrogate the States' Eleventh Amendment immunity when it enacted the ADEA. 528 U.S. at 91. Consequently, state agencies may not be sued by private citizens for damages under the ADEA. *Id.* In view of this authority, Plaintiff's claims for monetary damages under Title I of the ADA and the ADEA are barred by the Eleventh Amendment.[3]

---

[2] Local government entities, such as cities and counties, are not entitled to Eleventh Amendment immunity. *Garrett*, 531 U.S. at 368-69.

[3] The Court agrees with Defendant that Plaintiff's claims are properly classified as claims under Title I of the ADA and the ADEA given that Plaintiff has sued for "Employment Discrimination in Denial of Employment Due Solely to Age or Disability." ECF No. 4.

ORDER GRANTING MOTION TO DISMISS ~ 7

However, *Garrett* and *Kimel* do not bar suits for declaratory and injunctive relief against *state officials* acting in their official capacities. *See Garrett*, 531 U.S. at 374 n. 9 ("Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, *as well as by private individuals in actions for injunctive relief* under *Ex parte Young*, 209 U.S. 123 (1908)." (emphasis added); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1036 (9th Cir. 2006) ("Sovereign immunity, however, does not bar Title I suits against state officials for prospective injunctive and declaratory relief."). Here, Plaintiff has sued Washington State University "and University Officials To Be Identified, acting in their official capacities." ECF No. 4. Plaintiff has also demanded "injunctive relief, consisting of hiring Plaintiff for same or similar local position with Defendant." ECF No. 4 at ¶ 15. Construing Plaintiff's Complaint liberally, as it must, the Court finds that Plaintiff is pursuing a claim for injunctive relief against one or more university officials acting in their official capacities. Pursuant to footnote 9 of the *Garrett* decision, such a claim is not barred by the Eleventh Amendment. 531 U.S. at 374 n. 9.

**B. Exhaustion of Administrative Remedies**

Defendant also seeks dismissal of the Complaint on the ground that Plaintiff failed to file a charge with the Equal Opportunity Employment Commission ("EEOC") prior to filing this lawsuit. ECF No. 9 at 9-12. "Before filing an ADA

ORDER GRANTING MOTION TO DISMISS ~ 8

1  suit, a plaintiff must timely file a discrimination charge with the EEOC." *Douglas*

2  *v. California Dep't of Youth Auth.*, 271 F.3d 812, 823, n. 12 (9th Cir. 2001) (citing

3  42 U.S.C. § 12117(a)).  The ADEA contains a similar requirement.  29 U.S.C.

4  626(d)(1).  "Filing a timely charge is a statutory condition that must be satisfied

5  before filing suit in federal court."  *Douglas*, 271 F.3d at 823 n. 12.  While failure

6  to file a *timely* EEOC charge will categorically preclude an ADA or ADEA claim,

7  *see Josephs v. Pac. Bell*, 443 F.3d 1050, 1061 (9th Cir. 2006), a plaintiff's failure

8  to file *any* such charge deprives a federal district court of subject matter

9  jurisdiction.  *See Sommatino v. United States*, 255 F.3d 704, 709 (9th Cir. 2001)

10 ("[O]ur case law also holds that substantial compliance with the presentment of

11 discrimination complaints to an appropriate administrative agency *is* a

12 jurisdictional prerequisite.") (emphasis in original); *Loera v. Cnty. of Imperial*, 256

13 Fed. App'x 961, 963 (9th Cir. 2007).  Because Plaintiff did not file a charge with

14 the EEOC or the Washington State Human Rights Commission prior to filing his

15 ADA and ADEA claims, this Court lacks subject matter jurisdiction to adjudicate

16 them.  Accordingly, Plaintiff's claims are dismissed without prejudice.

   **C. Revocation of In Forma Pauperis Status**

18        Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*

19 *pauperis* if the trial court certifies in writing that it is not taken in good faith."  The

20 good faith standard is an objective one, and good faith is demonstrated when an

ORDER GRANTING MOTION TO DISMISS ~ 9

individual "seeks appellate review of any issue not frivolous." *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). For purposes of 28 U.S.C. § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact. Accordingly, the Court hereby revokes Plaintiff's *in forma pauperis* status.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**. Plaintiff's claims are dismissed without prejudice.

2. The Court certifies that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

3. Plaintiff's *in forma pauperis* status is **REVOKED**.

The District Court Executive is hereby directed to enter this Order, provide copies to Plaintiff and defense counsel, enter judgment accordingly and **CLOSE** the file.

**DATED** this 2nd day of January, 2013.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION TO DISMISS ~ 10